IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TERRANCE DONALD**, on behalf of himself and all others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) ) **PLAINTIFF'S COLLECTIVE AND** |
| | ) **CLASS ACTION COMPLAINT** |
| v. | ) ) |
| | ) **JURY DEMAND ENDORSED** |
| **MIDLAND CONCRETE & SAND TRANSPORTATION, INC.**, | ) **HEREON** ) ) |
| and | ) ) |
| **DONALD BERGEN,** | ) ) |
| Defendants. | ) ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Terrance Donald ("Plaintiff"), brings this action against Defendants Midland Concrete & Sand Transportation, Inc. ("Defendant Midland") and Donald Bergen ("Defendant Bergen") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq*. ("OMFWSA"). The following allegations are based on personal knowledge of Plaintiff's own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

## INTRODUCTION

1) This case challenges policies and practices of Defendants that violate the FLSA and the OMFWSA; and concerns the underpayment of overtime wages to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" employees who may join this case pursuant to § 216(b) (the "Opt-Ins").

3) Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for the non-payment of overtime on behalf of all similarly situated employees currently or previously employed by Defendants in Ohio within the two (2) years preceding the filing of this Action.

## JURISDICTION AND VENUE

4) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7) Plaintiff is an adult individual, residing in Lorain County, Ohio who has been jointly employed as a driver by Defendants since approximately May 9, 2018 to present.

8) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b), and is attached as **Exhibit A**.

9) Defendant Midland is a for-profit Ohio corporation, located in Cleveland, Ohio. Defendant Midland can be served through its registered agent, Donald Bergen, at 2235 W. 5th St., Cleveland, OH 44113.

10) Defendant Bergen is an individual residing at 38852 Bear Creek Dr., Grafton, OH 44044, where he can be served. Defendant Bergen is the principal/owner, statutory agent, and incorporator of Defendant Midland.

## FACTUAL ALLEGATIONS

11) Defendants operate a local freight business, in which they jointly employ Plaintiff and others similarly situated to haul rock or sand from Ohio quarries or stock yards to Ohio locations. The hauls originate in Ohio and are dumped in Ohio, where they will be used in projects such as building or road construction.

12) Plaintiff and others similarly situated were non-exempt employees who did not cross state lines in performance of their job duties for Defendants.

13) Originating in, dumped in, and used in Ohio, these loads are not hauled as a continuation of interstate transportation.

### Hourly to Tonnage Pay

14) Plaintiff and others similarly situated regularly worked more than 40 hours a workweek.

15) Defendants paid Plaintiff and others similarly situated at an hourly rate until such employees' work hours reached around 38 to 40 hours in a week, at which point Defendants changed compensation to a Per-Tonnage pay rate.

16) By changing compensation from hourly to Per-Tonnage, Defendants did not fully account for all hours worked per workweek, thereby failing to pay Plaintiff and those similarly situated for all hours worked in excess of 40 in a workweek at a rate of at least one and one-half their regular rates.

17) Defendants engaged in this conduct in order to willfully and knowingly avoid paying overtime compensation otherwise due under the FLSA and the OMFWSA.

### Working Through Lunch

18) In addition to the foregoing, Defendants suffered and permitted Plaintiff and others similarly situated to work through, or be called back to work from, lunch breaks in certain weeks even though deductions were being made by Defendants for such lunch breaks.

19) This company-wide practice resulted in the under-accounting of all hours worked and therefore the underpayment of hours worked in excess of 40 in a workweek at a rate of at least one and one-half times their regular rates, resulting in the underpayment of overtime compensation.

20) Defendants engaged in this conduct knowingly and willfully.

### Defendants Are Joint Employers

21) At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and the OMFWSA.

22) At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA and the OMFWSA.

23) At all relevant times, Defendants, individually and collectively, comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

24) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

25) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the OMFWSA.

26) At all relevant times, Defendants' shared the services of Plaintiff and those similarly situated.

27) At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated.

28) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

29) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

30) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

31) At all relevant times, Defendants shared ultimate authority and control of employment records.

32) At all relevant times, Defendants mutually benefitted from the work performed by Plaintiff and others similarly situated.

33) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

34) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

35) Defendants failed to keep accurate records of all hours worked by Plaintiff and those similarly situated.

36) The exact amount of unpaid wages, including overtime compensation that Defendants failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff,

because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

37) The FLSA and the OMFWSA require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Defendants failed to make, keep, and preserve records of all required, but unpaid, work performed by Plaintiff and other similarly situated employees. Therefore, Plaintiff and other similarly situated employees are entitled to a reasonable estimate of such time.

38) Defendants knowingly and willfully engaged in the foregoing violations of the FLSA and the OMFWSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40) Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

41) The two collectives which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, are composed of and defined as follow:

> **All former and current drivers, and related positions with different titles, employed by Defendants; who were paid, at least in part, by the ton or by the load, and who worked 40 or more hours in any workweek within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Tonnage Collective");**

and

> **All former and current drivers, and related positions with different titles, employed by Defendants, who were subject to lunch break deductions and who**

6

> **worked 40 or more hours in any workweek within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Lunch Break Collective").**

42) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

43) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

44) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and two classes of current or former employees employed by Defendants, defined as:

> **All former and current drivers, and related positions with different titles, employed by Defendants; who were paid, at least in part, by the ton or by the load, and who worked 40 or more hours in any workweek within two (2) years preceding the date of filing of this Complaint through the final disposition of this matter (the "Ohio Tonnage Class");**

and

> **All former and current drivers, and related positions with different titles, employed by Defendants, and who were subject to lunch break deductions and who worked 40 or more hours in any workweek within two (2) years preceding**

**the date of filing of this Complaint through the final disposition of this matter (the "Ohio Lunch Break Class").**

45) The Ohio Tonnage Class and Ohio Lunch Break Class (the "Ohio Classes") are so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Classes; but, upon information and belief aver that each class consists of at least 40 employees (the exact number can be obtained from Defendants' records, to the extent such records were kept).

46) There are questions of law or fact common to each Ohio Class including: whether Defendants' practices in Ohio and as described herein resulted in their employees not being paid overtime wages and whether such wages remain unpaid.

47) Plaintiff will adequately protect the interests of the Ohio Class members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

48) The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to each class are common to each class as a whole and predominate over any questions affecting only individual class members.

49) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Tonnage Collective)

50) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51) Defendants are individual and joint "employers" covered by the overtime requirements of the FLSA.

52) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

53) As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid all overtime compensation earned for those hours.

54) Defendants' company-wide policy of changing hourly compensation to per-tonnage compensation when hours worked in a workweek were close to or reached 40 violated the FLSA because it resulted in Defendants' failure to account for all hours worked and the failure to pay Plaintiff and others similarly situated overtime compensation for all hours worked over 40 in a workweek.

55) Plaintiff and others similarly situated were not exempt under the FLSA.

56) Defendants' practices and policies described herein violated the FLSA.

57) Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

58) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

59) As a result of Defendants' practices and policies, Plaintiff and the FLSA Tonnage Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

60) Pursuant to the FLSA, Plaintiff is entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Overtime Violations – FLSA Lunch Break Collective)

61) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62) Defendants are individual and joint "employers" covered by the overtime requirements of the FLSA.

63) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

64) As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid all overtime compensation for those hours.

65) Defendants' company-wide policy of deducting for lunches yet suffering and permitting Plaintiff and those similarly situated to work through, or called back to work from, such lunches violated the FLSA because it resulted in Defendants' failure to account for all hours worked and the failure to pay Plaintiff and others similarly situated overtime compensation for all hours worked over 40 in a workweek.

66) Plaintiff and others similarly situated were not exempt under the FLSA.

67) Defendants' practices and policies described herein violated the FLSA.

68) Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

69) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

70) As a result of Defendants' practices and policies, Plaintiff and the FLSA Lunch Break Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

71) Pursuant to the FLSA, Plaintiff is entitled to attorneys' fees and costs incurred.

**COUNT THREE**
**(Overtime Violations – Ohio Tonnage Class)**

72) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

74) Defendants are individual and joint "employers" covered by the overtime requirements set forth in the OMFWSA.

75) The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

76) As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid all overtime compensation for those hours.

77) Defendants' company-wide policy of changing hourly compensation to per-tonnage compensation when hours worked in a workweek were close to or reached 40 violated the

OMFWSA because it resulted in Defendants' failure to account for all hours worked and the failure to pay Plaintiff and others similarly situated overtime compensation for all hours worked over 40 in a workweek.

78) Plaintiff and others similarly situated were not exempt under the OMFWSA.

79) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

80) As a result of Defendants' practices, Plaintiff and the Ohio Tonnage Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

81) Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

### COUNT FOUR
### (Overtime Violations – Ohio Lunch Break Class)

82) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

83) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

84) Defendants are individual and joint "employers" covered by the overtime requirements set forth in the OMFWSA.

85) The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

86) As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid all overtime compensation for those hours.

87) Defendants' company-wide policy of deducting for lunches yet suffering and permitting Plaintiff and those similarly situated to work through, or called back to work from, such lunches violated the OMFWSA because it resulted in Defendants' failure to account for all hours worked and the failure to pay Plaintiff and others similarly situated overtime compensation for all hours worked over 40 in a workweek.

88) Plaintiff and others similarly situated were not exempt under the OMFWSA.

89) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

90) As a result of Defendants' practices, Plaintiff and the Ohio Lunch Break Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

91) Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

- A. Conditionally certifyies this case as a "collective action" pursuant to 29 U.S.C. §216(b); and directs that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

- B. Enters judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Class members;

- C. Awards Plaintiff, and the collectives and classes he seeks to represent, actual damages for unpaid wages;

- D. Awards Plaintiff, and the collectives and classes he seeks to represent, liquidated damages equal in amount to the unpaid wages found due to Plaintiff and those similarly situated;

E. Awards Plaintiff, and the collectives and classes he seeks to represent, pre-judgment and/or post-judgment interest at the statutory rate;

F. Awards Plaintiff, and the collectives and classes he seeks to represent, attorneys' fees, costs, and disbursements;

G. Awards Plaintiff a reasonable service award; and

H. Awards Plaintiff, and the collectives and classes he seeks to represent, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
